IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03169-GPG

ELIO OSMIN HERNANDEZ AGUILAR,

Petitioner,

v.

THE FACILITY ADMINISTRATOR DENVER CONTRACT DETENTION FACILITY, 3130 North Oakland Street Aurora, Colorado 80010,
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and
MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security ("DHS"),

Respondents.

---

**ORDER**

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Petition) (D. 1). Petitioner seeks release or, in the alternative, a bond hearing (*id.* at 7). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

With only a cursory reading of the Complaint, this case appears initially to be one of numerous garden-variety cases in this District and across the country seeking habeas relief for

immigrants detained within the United States but denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025). The Tenth Circuit has now conclusively resolved the interpretation of this statute in favor of Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026).

Perhaps because of this appearance, Respondents do not oppose the petition (D. 10).

But this case is slightly different. Petitioner has previously received a bond redetermination hearing and been denied bond (D. 1-4 at 52). He asserts that the hearing violated due process. And there is nothing in the record to indicate that the government bore the burden of showing Petitioner was subject to detention or presented any evidence whatsoever that he was a flight risk (*id.*).[1]

This Court has previously held that due process requires that the government bear the burden at immigration custody hearings. *See Batz Barreno*, 2025 WL 3190936, *3. For the same reasons, the Court finds that Petitioner is held in violation of due process because the government has not met its burden to show that he is properly detained.

Accordingly, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance

[1] The Court is provided very little information on this topic. Petitioner attached the IJ order—which included no information regarding the burden of proof applied at the bond redetermination hearing or who bore that burden. And the Government filed a brief response. Should there be information to support that a prior hearing was provided affording the burden of proof this Court requires, Respondents should immediately provide that to the Court.

of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED July 31, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge